**UNITED STATES of America,**

v.

**Darryl HENDERSON and Charod Becton, Defendants.**

**No. 02 CR 451(RO).**

United States District Court,
S.D. New York.

Oct. 11, 2006.

David M. Rody, Katherine A Lemire, Assistant United States Attorneys (Mi-

chael J. Garcia, U.S. Attorney, SDNY), for Plaintiff.

Avraham C. Moskowitz and Jay Schiffman, Moskowitz & Book, LLP, and Jeremy Schneider, Rothman Schneider, Soloway & Stern, New York City, for Defendant Charod Becton.

Mark B. Gombiner and John J. Byrnes, Federal Defenders of New York Inc., and Sanford N. Talkin, Talkin, Muccigrosso & Roberts, New York City, for Defendant Darryl Henderson.

## OPINION & ORDER

OWEN, District Judge.

Before me in this capital case are motions of defendants Charod Becton and Darryl Henderson seeking an order (1) declaring the death penalty provisions of 18 U.S.C. § 3591 et seq., the Federal Death Penalty Act ("FDPA"), unconstitutional; (2) striking mental intent factors from the Government's Notices of Intent to Seek the Death Penalty ("Notices"); (3) striking various statutory and non-statutory aggravating factors from the Notices; (4) requiring that all non-statutory aggravating factors in the Notices be submitted to a Grand Jury; (5) requiring the Government to provide the defendants with greater notice for the aggravating factors; (6) conducting a hearing on the constitutionality of FDPA provisions; and (7) permitting the defendants to file a motion to dismiss any new Notice the Government files. For the reasons set out below, defendants' motions are denied in part and granted in part.

Defendants Becton and Henderson are charged in a 16–count superseding indictment with participating in a racketeering enterprise called "Murder Unit" and with committing several crimes in furtherance thereof, including a January 21, 2001 robbery, triple homicide, and attempted arson at 690 Gerard Avenue, Bronx, New York. Defendants filed a Memorandum of Law in support of their motion to declare the death penalty unconstitutional ("Def.'s Mem. I"), and a separate Memorandum of Law in support of their other motions ("Def.'s Mem II"), and the Government filed a Memorandum of Law in opposition to defendants' motions ("Gov.Mem."). Argument was heard on September 6, 2006 ("Tr.").

## I. FDPA challenges

The constitutionality of the death penalty itself has been determined by the Supreme Court and "if the well-settled law on this issue is to change, that is a change that only the Supreme Court is authorized to make." *United States v. Quinones,* 313 F.3d 49, 69 (2d Cir.2002) *cert. denied,* 540 U.S. 1051, 124 S.Ct. 807, 157 L.Ed.2d 702 (2003). Accordingly, I deny defendants' motion to hold the FDPA unconstitutional, nor is an evidentiary hearing here required on the constitutionality of the FDPA.

Defendants make numerous challenges to individual elements of the FDPA. Most all have been rejected by other courts that have considered them.

Defendants argue that the FDPA's "sufficiently outweigh" standard, applied to determine whether a death sentence should be imposed, violates the Constitution under recent Supreme Court decisions [1] because the statute does not require the jury to comport its decision with the "beyond a

---

**1.** Defendants rely specifically on *Jones v. U.S.,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), and *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

reasonable doubt" standard.[2] Other courts have rejected the same argument, and I adopt their reasoning.[3]

■ Defendants next argue that under *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), non-statutory aggravating factors must be found by a Grand Jury and alleged in an indictment. Non-statutory aggravating factors aid in the death-selection, not the death-eligibility, process; because they do not increase the punishment to which a defendant may be subjected, they are not subject to the Indictment Clause. *See, e.g., United States v. Brown*, 441 F.3d 1330, 1368 (11th Cir.2006).

Defendants next argue that the FDPA violates Separation of Powers principles. Courts have uniformly rejected such arguments [4] and I see no need to depart from the logic in those cases.

Defendants contend that use of non-statutory aggravating factors violates the Ex Post Facto Clause but numerous courts have held to the contrary. *See, e.g., United States v. Cheever*, 423 F.Supp.2d 1181, 1208 (D.Kan.2006); *United States v. Llera Plaza*, 179 F.Supp.2d 444, 455–56 (E.D.Pa. 2001).

Defendants argue that the FDPA violates the Constitution because it permits a death sentence that may be premised on non-statutory aggravating factors but does not require proportionality review. Courts that have already passed on this issue have rejected such challenges,[5] and I decline to disturb this settled area.

## II. Challenges to Mental Intent Factors in the Notices

■ To reach consideration of the death penalty at the sentencing phase, one of four gateway mental intent factors must be found by a capital sentencing jury. 18 U.S.C. § 3591(a)(2). Defendants argue that three mental intent eligibility factors alleged in the Notices must be stricken because they require proof of a "lesser mental state" than the charged crime, and that the Government must be limited to one mental intent factor to avoid "skew[ing] the weighing process." Def.'s Mem II at 25–31. I agree with the Government's argument that the mental intent factors in 18 U.S.C. § 3591(a)(2) are not "lesser mens rea states," but rather, all of them require a finding of intent. Furthermore, the four mental states are not four separate aggravating factors, and are not unfairly duplicative of one another. Numerous courts have so held.[6]

**2.** Section 3593(e) requires a jury, after finding a defendant eligible to receive the death penalty, to consider whether all aggravating factors sufficiently outweigh mitigating factors to justify a sentence of death. 18 U.S.C. § 3593(e). Based on this consideration, the jury by unanimous vote recommends whether the defendant should be sentenced to death, to life imprisonment without possibility of release or some other lesser sentence. *Id.*

**3.** *See United States v. Natson*, 444 F.Supp.2d 1296 (M.D.Ga.2006).

**4.** *See, e.g., United States v. Bin Laden*, 126 F.Supp.2d 290, 297 n. 9 (S.D.N.Y.2001) (re-

viewing relevant authority); *United States v. McCullah*, 76 F.3d 1087, 1106 (10th Cir.1996) *cert. denied*, 520 U.S. 1213, 117 S.Ct. 1699, 137 L.Ed.2d 825 (1997).

**5.** *See United States v. Taveras*, 2006 WL 473773 at *9–10 (E.D.N.Y. Feb. 28, 2006).

**6.** *See, e.g., United States v. Cooper*, 91 F.Supp.2d 90, 109–10 (D.D.C.2000); *United States v. Webster*, 162 F.3d 308, 355 (5th Cir. 1998) *cert. denied*, 528 U.S. 829, 120 S.Ct. 83, 145 L.Ed.2d 70 (1999); *United States v. Kee*, 2000 WL 863119 at *11 (S.D.N.Y.2000).

### III. Challenges to various statutory and non-statutory aggravating factors

Before evaluating defendants' individual arguments, I should note the general proposition that a pre-trial motion is normally not the place to test the sufficiency of the evidence with respect to aggravating factors because notices of intent generally need not list specific evidence. *See United States v. Williams*, 2004 WL 2980027 at *17 (S.D.N.Y.2004).

#### A. Statutory aggravating factors

Defendants' arguments that the Grave Risk of Death factor is vague are unavailing. Courts have held that a District Court's jury instructions can eliminate constitutional vagueness problems.[7] This challenge therefore must await the receipt of evidence and accompanying jury instructions.

Defendants' argument that the Substantial Planning and Premeditation factor is vague has been rejected by numerous courts,[8] and I am not moved to depart from their logic.

Defendants argue that the Pecuniary Gain factor is vague and without evidentiary support. The Government expects the evidence to show that defendants killed the victims during a robbery from which they expected to derive substantial pecuniary gain. Gov. Mem. 64. Other courts have rejected similar arguments;[9] accordingly, this issue awaits trial and a review of the evidence.

■ Defendants next argue that the Multiple Killings statutory aggravating factor is duplicative of both (1) the underlying crimes charged in the Indictment, and (2) the Intentional Killing mental intent gateway factor included in the Government's Notices.[10] They aren't. The absence of duplication flows from the difference between "one" and "three together." They serve different purposes, and therefore cannot cause harm even to the extent that they are partially duplicative.[11] Also, they are considered by the jury at different stages of the trial. Defendants'

---

7. *See, e.g., United States v. Allen*, 247 F.3d 741, 786–87 (8th Cir.2001), *vacated on other grounds* 536 U.S. 953, 122 S.Ct. 2653, 153 L.Ed.2d 830 (2002); *United States v. Barnette*, 211 F.3d 803, 819 (4th Cir.2000).

8. *See Bin Laden*, 126 F.Supp.2d at 296–97 & n. 7 (collecting cases).

9. *See United States v. Brown*, 441 F.3d 1330, 1370 (11th Cir.2006); *Cooper*, 91 F.Supp.2d at 106.

10. Under the FDPA, if the Government has filed a Notice of Intent to Seek the Death Penalty and the defendant is found guilty, a separate penalty phase must be held. 18 U.S.C. § 3593(b). In the penalty phase, the jury first must find unanimously and beyond a reasonable doubt that (1) the defendant had the requisite mental intent to commit the capital offense, and (2) the Government has proven at least one statutory aggravating factor. 18 U.S.C. § 3591(a)(2), 3593(c). If the jury so finds, it must weigh both statutory and non-statutory aggravating factors contained in the Notice against any mitigating factors (which do not require unanimity and need only be established by a preponderance of the evidence) and consider whether the aggravating factors found to exist sufficiently outweigh all the mitigating factors found to exist to justify a sentence of death. 18 U.S.C. § 3593(c), (d), (e).

11. Both the underlying crimes charged in the Indictment and the Intentional Killing mental factor treat each murder separately, while the Multiple Killings aggravating factor alleges that the defendants "intentionally killed or attempted to kill more than one person in a single criminal episode." Notices 4. Multiple Killings means the defendants are potentially subject to greater criminal liability because they killed more than one person in a single criminal episode; it duplicates neither mental intent nor the underlying crime.

request to strike the Multiple Killings aggravating factor is denied.

## B. Non–Statutory Aggravating Factors

Defendants argue that the Contemporaneous Convictions factor violates Congressional intent and is irrelevant, vague, unreliable, and duplicative of the underlying capital counts. Other courts have upheld this precise non-statutory factor [12] and I see no basis to conclude otherwise.

Both defendants argue that the Prior Convictions factors are irrelevant and unfairly prejudicial.[13] In general, using criminal history in death penalty sentencing is an accepted practice.[14] Specifically, courts have allowed prosecutors to use juvenile convictions as aggravating factors in death penalty proceedings.[15] Applying these concerns to the instant case, I see no reason to exclude evidence of defendants' prior convictions and accordingly I deny defendants' motion to strike the Prior Convictions aggravating factors.

Defendant Becton argues that the Participation in Additional Serious Acts of Violence factor is duplicative of the Contemporaneous Convictions factor, irrelevant, and unfairly prejudicial, and in the alternative asks for a bill of particulars with dates of acts and alleged harm that the Government intends to offer.[16] Whether such evidence will be so duplicative is premature and must await the offer at trial.[17]

Defendants also ask, in the event this aggravator is not struck, for each of the specific acts to be identified and presented to the Grand Jury. For the same reasons I denied their request that all non-statutory aggravating factors be submitted to a Grand Jury, see *supra*, I also deny this request.

Defendants argue that the Victim Impact factor is overly broad. At oral argument, the Government indicated that the victim impact evidence it planned to put on involves victims' family members' testimony. Tr. 31–32. Accordingly, I already orally directed the Government to provide defendants with location information about the victims' families. Tr. 46–48.

Defendants argue that the Obstruction of Justice factor is irrelevant and duplicative of Grave Risk of Death. Other courts considering the same argument have denied it.[18] At oral argument, I denied defendants' motion to strike this factor.

---

**12.** See, e.g., *Llera Plaza*, 179 F.Supp.2d at 490.

**13.** In its Notices, the Government indicated its intention to rely on Becton's 1996 conviction for sexual assault and Henderson's 1980 convictions for rape and sodomy when he was a minor.

**14.** See *Tuilaepa v. California*, 512 U.S. 967, 976–977, 114 S.Ct. 2630, 2637–38, 129 L.Ed.2d 750 (1994).

**15.** See, e.g., *Lindsey v. Smith*, 820 F.2d 1137, 1154 (11th Cir.1987) *cert. denied*, 489 U.S. 1059, 109 S.Ct. 1327, 103 L.Ed.2d 595 (1989).

**16.** The Government subsequently detailed the various criminal conduct it intends to prove, in a September 26, 2006 letter to the Court and the defendants, and the demand for a bill of particulars is therefore moot.

**17.** There is authority that evidence of unadjudicated criminal conduct put before the jury at the penalty phase is not *per se* barred by the Constitution. See, e.g., *Milton v. Procunier*, 744 F.2d 1091, 1097 (5th Cir.1984) *cert. denied*, 471 U.S. 1030, 105 S.Ct. 2050, 85 L.Ed.2d 323 (1985); *United States v. Davis*, 912 F.Supp. 938, 948–49 (E.D.La.1996). The Government points out in its brief that the Contemporaneous Convictions factor deals with Becton's conviction at trial of narcotics trafficking and racketeering, while the Participation in Additional Serious Acts of Violence factor deals with acts of violence committed by Becton as the leader of a racketeering organization. Gov. Mem. 81.

**18.** See *United States v. Cisneros*, 363 F.Supp.2d 827, 841–42 (E.D.Va.2005).

Defendants' right to file a motion to dismiss any new Notice is preserved, except I observe that the Government furnishing further identifying information on Victim Impact Evidence, pursuant to the Court's oral order, is not a "new Notice."

So Ordered.